1 Daniel C. Cotman (CBN 218315)
  dan@cotmanip.com
2 Obi I. Iloputaife (CBN 192271)
  obi@cotmanip.com
3 Jayson S. Sohi (CBN 293176)
4 jayson@cotmanip.com
5 COTMAN IP LAW GROUP, PLC
  35 Hugus Alley, Suite 210
6 Pasadena, CA 91103
7 (626) 405-1413/FAX: (626) 316-7577
  *Attorneys for Plaintiff*
8 *Field 16, LLC d/b/a Heavy 16*
9

10 ## UNITED STATES DISTRICT COURT

11 ## CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| Field 16, LLC d/b/a Heavy 16, a California limited liability company, ) ) ) | Case No.  2:17-cv-06399 |
| Plaintiff, ) ) ) | **COMPLAINT FOR:**<br>**1. TRADEMARK INFRINGEMENT**<br>**2. FALSE DESIGNATION OF** |
| v. ) ) ) | **ORIGIN**<br>**3. COMMON LAW TRADEMARK**<br>**INFRINGEMENT** |
| Success Nutrients, Inc., a Colorado Corporation; and Medicine Man Technologies, Inc., a Colorado Corporation, ) ) ) ) | **4. UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. ) ) ) ) ) ) | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Field 16, LLC d/b/a Heavy 16 ("Heavy 16" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Success Nutrients, Inc. ("Success Nutrients") and Medicine Man Technologies, Inc. ("Medicine Man", and collectively "Defendants"), makes the following allegations. These allegations are made upon information and belief.

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against Defendants for trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125(a), state common law trademark infringement, and violations of Cal. Bus. Prof. Code §§ 17200, et seq.

2.      This court has subject matter jurisdiction over the first and second causes of action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1125(a), because this action arises under the Lanham Trademark Act (15 U.S.C. §§ 1051, *et seq.*).  This Court also has supplemental jurisdiction of the third and fourth causes of action, because they arise out of a common nucleus of operative facts as the first and second causes of action.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this judicial district.  Defendants transacted business in and/or have committed their infringing activities alleged below in the Central District of California, knowing that said activities would affect Heavy 16, a California corporation, and would have an effect in the Central District of California.

## THE PARTIES

4.      Plaintiff Field 16, LLC d/b/a Heavy 16 is a limited liability company incorporated under the laws of the State of California having a principle place of business at 2665 Temple Ave., Signal Hill, CA 90755

5.      Defendant Success Nutrients, Inc. is a corporation incorporated under the laws of the State of Colorado having a principle place of business at 6660 E. 47th Ave

Drive, Denver, CO 80216. On information and belief, Success Nutrients is a subsidiary of Defendant Medicine Man Technologies, Inc.

6.      Defendant Medicine Man Technologies, Inc. is a corporation incorporated under the laws of the State of Colorado having a principle place of business at 4880 Havana St., #201, Denver, CO 80239.  Upon information and belief, Medicine Man is the sole owner and parent corporation of Success Nutrients.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      On April 11, 2012, Heavy 16 applied for the United States Trademark for HEAVY FIRE under U.S. Serial No. 85,595,079.  On November 12, 2013, the United States Patent and Trademark Office duly and legally registered the HEAVY FIRE standard character mark on the principal register, under U.S. Registration No. 4,433,317 ("the '317 Registration").  A copy of U.S. Registration No. 4.433,317 is attached to this Complaint as **Exhibit A**.

8.      Plaintiff is the owner of all rights, titles, and interests in the '317 Registration for HEAVY FIRE®.

9.      On May 31, 2017, Heavy 16 applied for the United States Trademark for HEAVY FIRE composite mark.  Plaintiff is the owner of all rights, titles, and interests in the federal trademark application for HEAVY FIRE composite mark, U.S. Serial No. 87,470,648 ("the '648 Application," and collectively with the '317 Registration, the "HEAVY FIRE® Marks").  A copy of U.S. Serial No. 87,470,648 is attached to this Complaint as **Exhibit B**.

10.     On information and belief, Success Nutrients made, makes, sold, sells, offered for sale, offers for sale, used, and uses plant enhancer products and plant growth nutrients, including the bloom enhancer product carrying graphic label containing "FIRE" through its website https://successnutrients.com/ ("Infringing Mark"). Attached hereto as **Exhibit C** is a screenshot of Defendant's website where the bloom enhancer product is advertised and offered for sale carrying the Infringing Mark, and being described using the term "FIRE".  The Infringing Mark is substantially similar

to the HEAVY FIRE® Marks. An image of a Success Nutrients product carrying an example of such an Infringing Mark is attached to this Complaint as **Exhibit D**.

11.     In May 2017, Plaintiff first became aware of Success Nutrients' bloom enhancer product advertised and sold through its website under the Infringing Mark to customers in California.

12.     Success Nutrients' bloom enhancer product is a plant growth nutrient.

13.     Concerned with Defendants' use of the term "FIRE" to describe its plant growth nutrient products, the similarity in design of the Infringing Mark to the HEAVY FIRE® Marks, Success Nutrients' use of the same channel of trade as Plaintiff, and the similarity of goods to which the Infringing Mark relates in view of the goods offered by Plaintiff under the HEAVY FIRE® Marks, Plaintiff resolved to take action against Success Nutrients.

14.     On June 14, 2017, Plaintiff's counsel served a Cease and Desist letter on Success Nutrients for their infringement of the HEAVY FIRE® Marks, in connection with their use of the term "FIRE" and the Infringing Mark, and demanded that Defendant immediately discontinue all sales of the product bearing the Infringing Mark or described with the term "FIRE", destroy all existing inventory that makes use of the Infringing Mark, and turnover to Plaintiff all labels containing the word "FIRE" and/or the Infringing Mark. Defendant was given until June 23, 2017 to respond to and comply with the demands made in the cease and desist letter. To date, Success Nutrients has not responded to the letter and has not complied with the demands contained therein. Attached hereto as **Exhibit E** is a true and correct copy of the June 14, 2017 cease and desist letter served on Success Nutrients.

15.     After sending its June 14, 2017 correspondence, Plaintiff became aware that on June 7, 2017, Defendant Medicine Man Technologies, Inc. acquired all rights, titles, and shares to Success Nutrients. Attached hereto as **Exhibit F** is a true and correct copy of the Statement of Share and Equity Capital Exchange filed with the Colorado Secretary of State. Furthermore, Plaintiff also became aware that on June 8,

2017, Success Nutrients filed its Articles of Dissolution with the Colorado Secretary of State. Attached hereto as **Exhibit G** is a true and correct copy of the Articles of Dissolution filed by Success Nutrients.

16.   Medicine Man sells, offers for sale, and advertises Success Nutrients' plant enhancer and plant growing nutrients products, including bloom enhancer products labeled with the Infringing Mark through its website www.medicinemantechnologies.com.  Attached hereto as **Exhibit H** is a screenshot of Medicine Man's website where the bloom enhancer product labeled with the Infringing Mark is offered for sale.

17.   On July 12, 2017, Plaintiff's counsel served a Cease and Desist letter on Andy Williams, President for Medicine Man for Success Nutrients' use of the term "FIRE" and the Infringing Mark in connection with its bloom enhancer plant growth nutrient products, and demanded that Defendant discontinue all sales of such products, destroy all existing inventory that makes use of the term "FIRE" or the Infringing Mark, and turnover to Plaintiff all labels containing the term "FIRE" and/or the Infringing Mark.  Defendant Medicine Man was given until July 31, 2017 to respond to and comply with the demands made in the cease and desist letter. To date, Medicine Man has not responded to the cease and desist letter and has not complied with the demands contained therein. Attached hereto as **Exhibit I** is a true and correct copy of the cease and desist letter served on Medicine Man.

18.   Defendants offered for sale and sold its bloom enhancer plant growth nutrient products labeled with the term "FIRE" and the Infringing Mark, within the greater Los Angeles, California area.

19.   Defendants' bloom enhancer plant growth nutrient products labeled with the term "FIRE" and the Infringing Mark are registered with the California Department Food and Agriculture under Registration ID #: 497045.

20.   Defendants are and have been aware of the HEAVY FIRE® Marks, but have elected to willfully disregard and infringe upon Plaintiff's trademark rights.

21.    Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights.

22.    Defendants' conduct is deliberate and intentional, and is specifically intended to enrich Defendants.  This is a case of willful trademark infringement and Plaintiff's damages award should be trebled pursuant to 15 U.S.C. §1117(a)(3), for any and all damages awarded in relation to Defendant's infringement of Plaintiff's trademark rights.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
### (Against All Defendants)

23.    Plaintiff re-alleges each and every allegation set forth in paragraphs 1-22 of this Complaint as if fully set forth herein.

24.    Plaintiff's federal registration of the standard character mark "HEAVY FIRE"® (the "HEAVY FIRE® Word Mark") under the '317 Registration is conclusive evidence of Plaintiff's exclusive right to use the mark in commerce under 15 U.S.C. § 1114.

25.    Plaintiff has used the HEAVY FIRE® Word Mark in interstate commerce since as early as August 1, 2011, and has continued to use the mark in interstate commerce since that date on its plant nutrients products to distinguish their products from similar products offered by other companies.

26.    The HEAVY FIRE® Word Mark has been prominently displayed on the plant nutrients products marketed as well as on advertising and promotional materials distributed in California and throughout the United States.

27.    The goods classification of the HEAVY FIRE® Word Mark is "plant growth nutrients" under International Class 001.

28.    Defendants' aforesaid acts, including the use of the Infringing Marks and the term "FIRE" to describe its bloom enhancer plant growth nutrient products on its website, constitute uses in commerce of a reproduction, counterfeit, copy or colorable

imitation of Plaintiff's federally registered HEAVY FIRE® Word Mark in connection with the sale, offering for sale, distribution, and advertising of goods, in violation of 15 U.S.C. § 1114.

29.    Defendants' use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the HEAVY FIRE® Word Mark on or in connection with its plant growth nutrient products is likely to cause confusion or mistake amongst, or to deceive, the general purchasing public.

30.    By using the Infringing Mark in connection with its plant growth nutrient products, Defendants misrepresent and falsely describe to the public the origin and source of Defendants' goods, and create both actual confusion and a likelihood of confusion in consumers as to both the source and sponsorship of such goods.

31.    Defendants' unlawful, unauthorized and unlicensed advertising, distributing, offering for sale and/or selling of their plant growth nutrient goods under the Infringing Mark creates express and implied misrepresentations that said services were authorized, approved or provided by Plaintiff, all to Defendants' profit and Plaintiff's injury.

32.    Defendants' acts have been willful, with full knowledge and in conscious disregard of Plaintiff's rights in its mark and with the intent to trade off Plaintiff's vast goodwill in its registered HEAVY FIRE® Word Mark.  Defendants' were notified of their infringement, but nevertheless willfully and intentionally continued to infringe.

33.    Plaintiff has no adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

34.    The intentional nature of Defendants' acts makes this an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiff to treble damages and attorneys' fees.

35.    As a result of the trademark infringement described above, Plaintiff has been damaged and is entitled to relief, including injunctive relief, recovery of

Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117, in amounts to be ascertained at trial.

<u>**COUNT II**</u>

<u>**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN,**</u>
<u>**USE OF UNREGISTERED TRADEMARK UNDER 15 U.S.C. § 1125(a)**</u>
<u>**(Against All Defendants)**</u>

36.     Plaintiff re-alleges each and every allegation set forth in paragraphs 1-22 and 24-35 of this Complaint as if fully set forth herein.

37.     Plaintiff's unregistered HEAVY FIRE® composite mark ("HEAVY FIRE® Logo") is inherently distinctive or has acquired a secondary meaning associated with Plaintiff.

38.     Defendants' unauthorized use of the term "FIRE" and the Infringing Mark falsely indicates that Plaintiff or its agents are connected with, sponsored, endorsed, authorized, or affiliated with Defendant, or that Defendant is connected with, sponsored, endorsed, authorized, approved by, or affiliated with Plaintiff.

39.     Defendants' use of the term "FIRE" and the Infringing Mark in conjunction with its plant growth nutrient products allows Defendants to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense, and further allows Defendants to gain acceptance of their goods, not based on their own quality, but on the reputation, investment, hard work, and goodwill of Plaintiff.

40.     Defendants' acts constitute willful unfair competition, false designation of origin, and trademark infringement in violation of 15 U.S.C. § 1125(a).

41.     The intentional nature of Defendants' acts makes this an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiff to treble damages and attorneys' fees.

42. As a result of the aforesaid actions of Defendants, Defendants have been unjustly enriched and Plaintiff has been injured and damaged. Unless the aforesaid actions of Defendants are enjoined, Plaintiff will continue to suffer irreparable injury and damage.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT
### (Against All Defendants)

43. Plaintiff re-alleges each and every allegation set forth in paragraphs 1-22, 24-35, and 37-42 of this Complaint as if fully set forth herein.

44. Plaintiff has continuously used the HEAVY FIRE® Marks to identify their goods and services in California, to distinguish their goods from the goods of their competitors.

45. Defendants' use of the term "FIRE" and the Infringing Mark to identify its plant growth nutrient products does not predate Plaintiff's first use of the HEAVY FIRE® Marks.

46. As a result of Defendants' use of the term "FIRE" and the Infringing Mark to identify its plant growth nutrient products, Defendants have directly violated Plaintiff's exclusive common law rights in the HEAVY FIRE® Marks.

47. Defendants' acts constitute willful infringement of Plaintiff's exclusive rights in the HEAVY FIRE® Marks, in violation of state common law.

48. Plaintiff is informed and believes, and alleges thereon, that Defendants acted in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants in an amount sufficient to punish and deter such future conduct, according to proof.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable HEAVY FIRE® Marks in an amount to be ascertained at trial.

50.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of its goods unless this Court enjoins Defendants from further such actions.

### COUNT IV

### UNFAIR COMPETITION PURSUANT TO CAL. BUS. & PROF. CODE § 17200 ET SEQ.

### (Against All Defendants)

51.     Plaintiff re-alleges each and every allegation set forth in paragraphs 1-22, 24-35, 37-42, and 44-50 of this Complaint as if fully set forth herein.

52.     Defendants' acts, as alleged herein, have impaired Plaintiff's goodwill, have created a likelihood of confusion, and have otherwise adversely affected Plaintiff's business reputation. These acts are unlawful, unfair, and/or fraudulent and constitute unfair competition in violation of California Business and Professions Code §§ 17200 et seq.. including but not limited to, misappropriation of Plaintiff's advertising methods, style of doing business, and intellectual property.

53.     As a direct and proximate result of Defendants' conduct, Defendants have unjustly enriched themselves at Plaintiff's expense, from sales obtained because of these wrongful acts. Plaintiff suffered and continues to suffer damages.  Plaintiff seeks and is entitled to receive remedies available under California Business and Professions Code §§ 17200, et seq., including, but not limited to, injunctive relief and disgorgement of their ill-gotten gains.

54.     Plaintiff is also entitled to reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.     A ruling that Defendants have committed trademark infringement under federal trademark law, 15 U.S.C. § 1114, that Plaintiff has been damaged by such violations, and that Defendants are liable to Plaintiff for such violations;

B.    A ruling that Defendants have falsely designated the origin of their goods under federal trademark law, 15 U.S.C. § 1125(a), that Plaintiff has been damages by such violations, and that Defendants are liable to Plaintiff for such violations;

C.    A ruling that Defendants have committed trademark infringement of Plaintiff's HEAVY FIRE® trademarks and logo mark under common law, that Plaintiff has been damaged by such infringement, and that Defendants are liable to Plaintiff for such infringement;

D.    A ruling that Defendants have engaged in unfair competition under California Business and Professions Code §§ 17200 et seq., that Plaintiff has been damaged by such conduct, and that Defendants are liable to Plaintiff for such conduct;

E.    Under all claims for relief, an injunction permanently enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunction from:

i.    imitating, copying or using in any manner the HEAVY FIRE® Marks or any marks confusingly similar thereto; and

ii.    using any false designation of origin or false description, including, without limitation, any letters, symbols, or designs constituting the HEAVY FIRE® Word Mark, HEAVY FIRE® Logo, or any mark(s) confusingly similar thereto or performing any act that can, or is likely to lead members of the trade or public to believe that any services sold and/or provided by Defendants are, in any manner, associated or connected with Plaintiff  or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

F.    An order directing such other relief as this Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that services sold or otherwise provided by Defendants are authorized by Plaintiff;

G.    For an award of Plaintiff's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater;

H.   For an award of Plaintiff's attorney's fees and costs as permitted by law;

I.   For punitive damages pursuant to Plaintiff's common law and state statutory claims;

J.   For imposition of a constructive trust;

K.   For restitution of Defendants' unlawful proceeds, including Defendants' gross profits;

L.   For an award of interest, including pre-judgment interest on the foregoing amounts; and

M.   For such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Respectfully submitted,

DATED:  August 29, 2017           **COTMAN IP LAW GROUP, PLC**

By: */s/ Jayson S. Sohi*_____
Jayson S. Sohi
Daniel C. Cotman
Obi I. Iloputaife
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*Field 16, LLC d/b/a Heavy 16*